609-07/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
JIANGSU J-LONG IMP. & EXP. TRADING CO., LTD.
and GLORY LEAD GROUP LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (ME 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JIANGSU J-LONG IMP. & EXP. TRADING CO.,
LTD. and GLORY LEAD GROUP LIMITED,

        Plaintiffs,

 - against -

SHINKO KAIUN CO. LTD and
INABA PRIDE MARITIME SA,

        Defendants.
---------------------------------------------------------------x

JUDGE BUCHWALD

07 CV 11132

06 CIV ____ ( )

**VERIFIED COMPLAINT**

  Plaintiffs JIANGSU J-LONG IMP. & EXP. TRADING CO., LTD. (hereinafter "JIANGSU J-LONG") and GLORY LEAD GROUP LIMITED (hereinafter "GLORY LEAD") (and hereinafter collectively "CARGO INTERESTS"), by and through their attorneys Freehill Hogan & Mahar, LLP, as and for their Verified Complaint against Defendants SHINKO KAIUN CO. LTD (hereinafter "SHINKO KAIUN") and INABA PRIDE MARITIME SA (hereinafter "IPM"), allege upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claim for the loss of cargo due to the sinking of a vessel. The case also falls within the Court's admiralty and maritime

NYDOCS1/295068.1           1

jurisdiction pursuant to 28 U.S.C. §1333 and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff JIANGSU J-LONG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room 610, Suite A, Dong Fang Mansion, 399 Jiangyang Mid Road, Yangzhou, China.

3. At all times relevant hereto, Plaintiff GLORY LEAD was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at P.O. Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

4. At all times relevant hereto, Defendant SHINKO KAIUN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1 Maritime Square #09-37, Harbour Front Centre, Singapore, 099253.

5. At all times relevant hereto, Defendant IPM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at c/o PT Arpeni Pratama Ocean Line, 7th Floor, Wisma BSG, Jalan Abdul Muis 40, Jakarta, 10160, Indonesia.

6. On September 25, 2007, GLORY LEAD entered into a sale and purchase contract with JIANGSU J-LONG for 6,572.263 CBM of Papua New Guinea Round Logs

(hereinafter the "cargo") whereby shipment of the cargo from New Guinea to China was on F.O.B. terms[1].

7. JIANGSU J-LONG chartered the M/V INABA PRIDE, a vessel owned by IPM, from non-party New Prosper Shipping Limited for the carriage of the cargo from New Guinea to China. In turn, New Prosper Shipping Limited, as charterer, chartered the M/V INABA PRIDE to SHINKO KAIUN, as disponent owner.

8. CARGO INTERESTS have complied with all of their obligations pursuant to the respective carriage of the cargo, including prepayment of freight in the amount of $407,480.31.

9. Prior to the commencement of the voyage, the master of the M/V INABA PRIDE issued five clean bills of lading for the cargo.

10. On November 11, 2007, the M/V INABA PRIDE sank about 120 miles off the coast of Chang Jia Kou (CJK) Pilot Station enroute to the intended discharge port in China.

11. As a result of the sinking, the cargo on board the M/V INABA PRIDE was a total loss.

12. No action or inaction of CARGO INTERESTS, or the respective cargo, caused the sinking of the M/V INABA PRIDE.

13. The failure of the Defendants to deliver the cargo constitutes a maritime tort and a breach of Defendants' bailment obligation to care for and deliver the cargo in the same condition it was in at the commencement of the voyage as documented on the five clean bills of lading.

---

[1] F.O.B. stands for "Free On Board," a trade term requiring the seller to deliver goods on board a vessel designated by the buyer. The seller fulfills its obligations to deliver when the goods have passed over the ship's rail.

14. The value of the cargo at the destination port in China was $1,193,032.48. Under Singapore and/or Chinese law, the law governing the merits of this dispute, damages for the total loss of cargo is calculated based on 110 percent of the total value of the cargo at the destination port. Accordingly, CARGO INTERESTS' cargo claim includes $1,312,335.72 ($1,193,032.48 x 110 percent) to account for the value of the cargo awardable under Singapore and/or Chinese law.

15. Despite due demand, the Defendants have refused and/or otherwise failed to honor the CARGO INTERESTS' claim for the total loss of the cargo.

16. Plaintiffs have or will soon commence foreign proceedings against Defendants to recover from their cargo claim in Singapore and/or China. Plaintiffs specifically reserve their right to litigate the substantive matters at issue herein in the applicable forum, as appropriate.

17. Upon information and belief, and after investigation, Defendants, individually, cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs believe that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in their individual names and/or being transferred for their individual benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18. Pursuant to the above, the total amount of Plaintiffs CARGO INTERESTS' claims which are sought by CARGO INTERESTS to be attached against Defendants SHINKO KAIUN and IPM includes:

    a.    cargo loss of $1,312,335.72;

    b.    prepaid freight in the amount of $407,480.31;

    c.    interest (which is recoverable under Singapore and Chinese law and calculated at a rate of 5.33 percent per annum compounded quarterly for 3 years) in the amount of $210,000; and

    d.    costs of the foreign proceedings in Singapore and/or China (which are recoverable under Singapore and Chinese law) in the amount of $250,000

for a total claim of **$2,179,816.03**. Plaintiffs specifically reserve their right to amend this figure and to seek an increase in the amount of security should such the sum appear to be insufficient to fully secure Plaintiffs.

WHEREFORE, Plaintiffs JIANGSU J-LONG IMP. & EXP. TRADING CO., LTD. and GLORY LEAD GROUP LIMITED pray:

    a.    That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

    b.    That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property belonging to each Defendant up to and including **$2,179,816.03** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due, held or being transferred to or for the benefit of

Defendants SHINKO KAIUN CO., LTD and INABA PRIDE MARITIME SA, including but not limited to ASSETS in their individual names and/or as may be held, received or transferred for their individual benefit at, moving through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.   That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any foreign judgment entered against the Defendants in the foreign proceedings; and

d.   For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       December 10, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
JIANGSU J-LONG IMP. & EXP.
TRADING CO., LTD.
and GLORY LEAD GROUP LIMITED

By: _____
    Michael E. Unger (ME 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900 (telephone)
    (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Michael E. Unger, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
10th day of December, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/295068.1                    7